768

FRANK T. KLEIGER, Respondent, v. MAURICE SIMMONS, as Property Clerk of the Police Department of the City of New York, Appellant.— In an action to replevin cash taken from the possession of plaintiff's assignor, order of the Appellate Term affirming a judgment of the City Court of the City of New York, County of Kings, for plaintiff, which was entered in accordance with a directed verdict, unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Hagarty, Carswell, Johnston and Nolan, JJ. [See *post*, p. 819.]

ALPHONSE MALKOWSKI, an Infant, by His Guardian ad Litem, FRANK MALKOWSKI, et al., Respondents, v. CATALDO DIASPARRA et al., Appellants.— Action to recover damages for personal injuries suffered by the infant plaintiff, and companion action by the infant's father for expenses and loss of services, as a consequence of the infant's being thrown or falling from a truck operated by defendant Cataldo Diasparra and owned by defendant Benjamin Diasparra. Judgment for plaintiffs reversed on the law and a new trial granted, with costs to abide the event. There is proof in this record that warranted submission to the jury of the issue of defendants' negligence and the infant plaintiff's freedom from contributory negligence, on the theory that the infant plaintiff was a passenger on defendant Benjamin Diasparra's truck. While the evidence established that the infant was employed by defendant Cataldo Diasparra, plaintiffs were free to adopt one of the several versions of the relationship advanced by defendants. One of these was that when the accident happened the employment had been concluded, and instead of requiring the boy to walk home, defendant Cataldo Diasparra had granted the boy's request to be given a ride home because of weather conditions. This furnished a basis for a finding that he was a passenger after the termination of the master and servant relationship. The court, however, erred in refusing defendants' two requests to charge at folio 649 and folio 650. Both these requests left it to the jury to determine whether or not defendant Cataldo Diasparra had directed the infant to ride on the running board and whether or not said defendant knew that he was riding on the running board at the time the accident happened. The court has considered the questions of fact and has determined that it would not grant a new trial upon those questions were it not for the errors alluded to. Lewis, P. J., Hagarty, Carswell, Johnston and Nolan, JJ., concur.